**AMARILLO GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS LOCAL UNION NO. 577, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14995.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 4, 1959.

Decided Dec. 17, 1959.

Mr. Charles J. Morris of the bar of the Supreme Court of Texas, Dallas, Tex., pro hac vice, by special leave of court, with whom Messrs. Herbert S. Thatcher, Washington, D. C., and L. N. D. Wells, Jr., Dallas, Tex., were on the brief, for petitioner.

Mr. Duane B. Beeson, Atty., N. L. R. B., of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Messrs. Thomas J. McDermott, Associate Gen. Counsel, N. L. R. B., Marcel Mallet-Prevost, Asst.

**520**

Gen. Counsel, N. L. R. B., and Alfred Avins, Atty., N. L. R. B., were on the brief, for respondent.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

### PER CURIAM.

Petitioner, Amarillo General Drivers, Warehousemen and Helpers, Local Union No. 577, asks us to review and set aside an order of the National Labor Relations Board requiring petitioner to cease and desist from certain picketing found to be in violation of § 8(b) (4) (A) of the Labor Management Relations Act, 1947, 61 Stat. 141, as amended, 29 U.S.C.A. § 141 et seq. (1956), and to post the customary notices. The Board seeks enforcement of the order.

■ The material facts are not in dispute. The Board found that the union picketed construction sites at times when employees of Crowe-Gulde Cement Company (against which petitioner was striking) were delivering ready-mixed concrete, for the purpose of inducing employees of other contractors at the construction sites to engage in work stoppages in order to compel purchasers of such concrete to cease doing business with Crowe-Gulde.

An examination of the record discloses that the record as a whole supports the Board's conclusion that the picketing violated the secondary boycott provisions of the Act. The case is closely akin to Truck Drivers & Helpers Local Union 728, etc. v. N. L. R. B., 1957, 101 U.S.App. D.C. 420, 249 F.2d 512, certiorari denied, 1958, 355 U.S. 958, 78 S.Ct. 543, 2 L.Ed. 2d 533; cf. General Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local 270 v. N. L. R. B., 102 U.S.App. D.C. 238, 252 F.2d 619, certiorari denied, 1958, 356 U.S. 931, 78 S.Ct. 775, 2 L.Ed. 2d 762.

■ This case was decided by the Board, and argued to us, on the basis of the relevant provisions of the Labor Management Relations Act, supra. Sub-

sequently, the Labor-Management Reporting and Disclosure Act of 1959,[1] sometimes referred to as the Landrum-Griffin Act, came into effect. The relevant amendment to § 8(b) (4) of the original Act is found in § 704 of the Landrum-Griffin Act. This amendment was made effective sixty days after its enactment. "We do not deem it necessary or appropriate to decide here and now whether the new legislation is to be applied retroactively, or, if it is to be so applied, in what manner (if at all) it affects the present case. Those questions have not been presented to us by the parties. If they are raised, they should be dealt with in the first instance by the [Board]." Federal Broadcasting System v. Federal Commun. Comm'n, 1956, 97 U.S.App.D.C. 293, 298, 231 F.2d 246, 251.

Pending any such application to the Board, its order should be obeyed.

Affirmed.

1. 73 Stat. 519, approved September 14, 1959.